1

2

3

4

5

6

7

8                               UNITED STATES DISTRICT COURT

9                             SOUTHERN DISTRICT OF CALIFORNIA

10

11 | G & G CLOSED CIRCUIT EVENTS, LLC,

Case No.: 20-CV-2137-JLS (NLS)

12

Plaintiff,

13

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE**

14 | v.

15 | CALIFORNIA CENTER FOR THE ARTS, ESCONDIDO, FOUNDATION, an unknown business entity d/b/a/ California Center for the Arts, Escondido,

(ECF No. 6)

16

17

18

Defendant.

19

20          Presently before the Court is Plaintiff G & G Closed Circuit Events, LLC's Motion

21 to Strike ("MTS," ECF No. 6).  Defendant California Center for the Arts, Escondido,

22 Foundation d/b/a California Center for the Arts, Escondido filed an Opposition to the

23 Motion ("Opp'n," ECF No. 9), and Plaintiff filed a Reply ("Reply," ECF No. 10).  The

24 Court took the matter under submission without oral argument pursuant to Civil Local Rule

25 7.1(d)(1).  *See* ECF No. 11.  Having carefully considered the Parties' arguments, the

26 evidence, and the law, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's

27 Motion, as set forth below.

28 / / /

1

1

## BACKGROUND

2 "Pursuant to contract, Plaintiff . . . was granted the exclusive nationwide commercial

3 distribution (closed-circuit) rights to the *Saul "Canelo" Alvarez v. Sergey Kovalev*

4 *Championship Fight Program*, telecast nationwide on Saturday, November 2, 2019" (the

5 "Program").  ECF No. 1 ("Compl.") ¶ 16.  Pursuant to its contract, "Plaintiff . . . entered

6 into subsequent sublicensing agreements with various commercial entities throughout

7 North America, including entities within the State of California, by which it granted these

8 entities limited sublicensing rights, specifically the rights to publicly exhibit the Program

9 within their respective commercial establishments." *Id.* ¶ 17 (emphasis omitted).  "The

10 Program could only be exhibited in a commercial establishment in California" if Plaintiff

11 contractually authorized said establishment.  *Id.* ¶ 18 (emphasis omitted).  On Saturday,

12 November 2, 2019, Defendant allegedly intercepted, received, and published the Program

13 at California Center for the Arts, Escondido.  *See id.* ¶ 21.

14 On October 31, 2020, Plaintiff filed the operative Complaint, alleging the following

15 four claims against Defendant: (1) violation of 47 U.S.C. § 605; (2) violation of 47 U.S.C.

16 § 553; (3) conversion; and (4) violation of California Business and Professions Code

17 §§ 17200 *et seq*.  *See generally* Compl.  On December 29, 2020, Defendant filed an Answer

18 raising seventeen affirmative defenses.  *See generally* ECF No. 4 ("Answer").  Plaintiff

19 then filed the instant Motion, which seeks to strike all Defendant's affirmative defenses.

20 *See generally* MTS.

21

## LEGAL STANDARD

22 Federal Rule of Civil Procedure 12(f) provides that the court "may strike from a

23 pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous

24 matter."  Fed. R. Civ. P. 12(f).  "The function of a 12(f) motion to strike is to avoid the

25 expenditure of time and money that must arise from litigating spurious issues by dispensing

26 with those issues prior to trial . . . ."  *Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970,

27 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993),

28 *rev'd on other grounds*, 510 U.S. 517 (1994)).

1    "Motions to strike are 'generally disfavored because they are often used as delaying
2    tactics and because of the limited importance of pleadings in federal practice.'" *Cortina v.*
3    *Goya Foods, Inc.*, 94 F. Supp. 3d 1174, 1182 (S.D. Cal. 2015) (quoting *Rosales v. Citibank*,
4    133 F. Supp. 2d 1177, 1180 (N.D. Cal. 2001)).  "[M]otions to strike should not be granted
5    unless it is clear that the matter to be stricken could have no possible bearing on the subject
6    matter of the litigation." *San Diego Unified Port Dist. v. Monsanto*, 309 F. Supp. 3d 854
7    (S.D. Cal. 2018) (quotations and citations omitted).  "When ruling on a motion to strike,
8    this Court 'must view the pleading under attack in the light most favorable to the pleader.'"
9    *Novick v. UNUM Life Ins. Co. of Am.*, 570 F. Supp. 2d 1207, 1208 (C.D. Cal. 2008)
10   (quoting *RDF Media Ltd. v. Fox Broad. Co.*, 372 F. Supp. 2d 556, 561 (C.D. Cal. 2005)).
11        "[T]he Ninth Circuit has not explicitly addressed whether the *Twombly* and *Iqbal*
12   plausibility standard should replace the *Wyshak* [*v. City National Bank*, 607 F.2d 824 (9th
13   Cir. 1979), *abrogated in part by Castro v. Cnty. of Los Angeles*, 833 F.3d 1060 (9th Cir.
14   2016) (en banc),] fair notice standard for affirmative defenses." *Philpot v. Baltimore Post-*
15   *Exam'r*, No. 3:20-CV-00872-H-MSB, 2020 WL 6449199, at *3 (S.D. Cal. Nov. 3, 2020).
16   Plaintiff requests that the Court apply the *Twombly* and *Iqbal* "plausibility" standard to
17   Defendant's affirmative defenses.  *See* MTS at 9.  Defendant requests that the Court find
18   that only a "fair notice standard" applies to the pleading of affirmative defenses.  *See* Opp'n
19   at 1, 9.  Although this Court recognizes it previously has applied the *Twombly* and *Iqbal*
20   "plausibility" standard in assessing the sufficiency of the pleading of affirmative defenses,
21   in light of recent decisions in this District noting the Ninth Circuit's continuing recognition
22   of the *Wyshak* fair notice standard for affirmative defenses and the lack of controlling
23   authority to the contrary, this Court now elects to stand with the clear majority of courts
24   within this District and apply the "fair notice" standard.  *See, e.g.*, *Philpot*, 2020 WL
25   6449199, at *3 ("[S]ince *Twombly* and *Iqbal* were decided, the Ninth Circuit has continued
26   to recognize the *Wyshak* fair notice standard.") (citations omitted); *Boba Inc. v. Blue Box*
27   *Opco LLC*, No. 19-CV-00304-H-NLS, 2019 WL 2140597, at *3 n.2 (S.D. Cal. May 15,
28   2019) (similar); *Cota v. Aveda Corp.*, No. 320CV01137BENBGS, 2020 WL 6083423, at

1  | *4 (S.D. Cal. Oct. 14, 2020) ("The Southern District follows the Ninth Circuit's decision

2  | in *Kohler*, which requires Defendant to plead its affirmative defenses under the fair notice

3  | standard."); *Hawkins v. Kroger Co.*, No. 15CV2320 JM(BLM), 2019 WL 6310553, at *3

4  | (S.D. Cal. Nov. 25, 2019) ("Plaintiff has supplied the court with no binding authority for

5  | her assumption that the heightened pleading standards of *Bell Atlantic Corporation v.*

6  | *Twombly*, 550 U.S. 544 (2007), apply to affirmative defenses, and the court is unaware of

7  | any circuit court that has addressed this issue."); *Sundby v. Marquee Funding Grp., Inc.*,

8  | No. 19-CV-0390-GPC-AHG, 2019 WL 5963907, at *2 (S.D. Cal. Nov. 13, 2019) ("The

9  | Court declines to apply the plausibility standard here as neither the Ninth Circuit nor the

10 | Supreme Court have instructed the courts to depart from the notice-pleading standard

11 | applied in evaluating the sufficiency of an affirmative defense.") (citations omitted); *see*

12 | *also Kohler v. Flava Enters., Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015) ("Nonetheless, the

13 | 'fair notice' required by the pleading standards only requires describing the defense in

14 | 'general terms.'  We will not disturb the district court's finding that [plaintiff] received

15 | sufficient notice.") (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and

16 | Procedure § 1274 (3d ed. 1998)).

17 |         Although more relaxed than the *Twombly* and *Iqbal* "plausibility standard," Federal

18 | Rule of Civil Procedure 8's fair notice standard "requires that the allegations in the

19 | [answer] give the [plaintiff] fair notice of what the [defendant]'s [defense] is and the

20 | grounds upon which it rests." *Pac. Coast Fed'n of Fishermen's Assocs. v. Glaser*, 937

21 | F.3d 1191, 1200 (9th Cir. 2019) (internal quotations omitted); *see also Rosen v.*

22 | *Masterpiece Mktg. Grp., LLC*, 222 F. Supp. 3d 793, 798 (C.D. Cal. 2016) ("[E]ven the fair

23 | notice standard requires 'at least some valid factual basis' in support of its affirmative

24 | defense.").  If a court strikes an affirmative defense, "[i]n the absence of prejudice to the

25 | opposing party, leave to amend should be freely given."  *Wyshak*, 607 F.2d at 826–27

26 | (citing Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Howey v. United*

27 | *States*, 481 F.2d 1187, 1190 (9th Cir. 1973)).

28 | / / /

1

## ANALYSIS

2      Plaintiff requests that the Court strike all Defendant's seventeen affirmative defenses

3  of (1) failure to state a cause of action; (2) unclean hands; (3) waiver; (4) failure to mitigate;

4  (5) no damages; (6) acts or omissions of complainant and others; (7) estoppel; (8) statute

5  of limitations; (9) costs and attorney's fees; (10) setoff/offset; (11) laches; (12) several

6  liability for non-economic damages; (13) lack of jurisdiction; (14) lack of standing; (15)

7  joinder of co-defendants' affirmative defenses; (16) no scienter, knowledge, intent, or

8  willfulness; and (17) right to assert additional affirmative defenses, claiming each is

9  insufficient for various reasons, as addressed more fully below. *See generally* MTS.

10 **I.     Defenses That Are Not Affirmative Defenses**

11     *A.     First, Fifth, Sixth & Sixteenth Affirmative Defenses (Denials)*

12     Defendant admits that the following affirmative defenses are better characterized as

13 "denials of Plaintiff's ability to meet its burden to prove either liability or damages" and

14 requests that the Court construe them as such: the first affirmative defense for failure to

15 state a cause of action; the fifth affirmative defense for no damages; the sixth affirmative

16 defense for acts or omissions of complainant and others; and the sixteenth affirmative

17 defense for no scienter, knowledge, intent, or willfulness.  Opp'n at 10.

18     Plaintiff contends that these denials should be stricken because "[p]ermitting denials,

19 which by definition are not 'affirmative defenses,' would effectively reduce the concept of

20 an 'affirmative defense' to a catch-all phrase permitting all manner of responses, some of

21 which would otherwise be impermissible."  Reply at 6.  Plaintiff further asserts that,

22 although a showing of prejudice is not required, it will suffer prejudice as a result of

23 "expend[ing] time and resources litigating irrelevant issues" should these "defenses" not

24 be stricken.  MTS at 19.  In support of its position, Plaintiff cites to *Rutherford v. Evans*

25 *Hotels, LLC*, Case No. 18-CV-435, 2019 WL 1900889, at *3 (S.D. Cal. Apr. 29, 2019),

26 where this Court struck various mislabeled "affirmative defenses" without a showing of

27 prejudice.  *See* Reply at 7.  In response, Defendant requests that the Court "not strike

28 denials it finds were mischaracterized as affirmative defenses" because mislabeling is an

1   insufficient basis for striking an affirmative defense when there is no prejudice to Plaintiff,

2   and Defendant contends "Plaintiff has sufficient notice of its burden to prove both liability

3   and damages, and, therefore, there is no risk of prejudice to Plaintiff."  Opp'n at 10–11.

4         A majority of courts in this District have "held that 'denials that are improperly pled

5   as defenses should not be stricken on that basis alone,' particularly where they do not

6   prejudice Plaintiff.'"  *Tattersalls Ltd. v. Wiener*, No. 3:17-CV-1125-BTM-JLB, 2019 WL

7   669640, at *3 (S.D. Cal. Feb. 19, 2019) (quoting *San Diego Unified Port Dist.*, 2018 WL

8   4281476, at *5); *see also Kohler v. Islands Rests., LP*, 280 F.R.D. 560, 567 (S.D. Cal.

9   2012) ("The Court fails to see how identifying a defense as 'affirmative,' when in actuality

10   it is not, makes that defense legally insufficient.") (citations omitted).  The Court finds this

11   to be a sound approach in light of the plain language of Rule 12(f), pursuant to which "[t]he

12   court may strike from a pleading an insufficient defense or any redundant, immaterial,

13   impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  Thus, because a denial is not a

14   defense, "a motion to strike is inappropriate" unless the denial is "[redundant,] immaterial,

15   impertinent, or scandalous."  *Carlock v. RMP Fin.*, No. 03-CV-0688 W (AJB), 2003 WL

16   24207625, at *4 (S.D. Cal. Aug. 5, 2003) (citing *Van Schouwen v. Connaught Corp.,* 782

17   F. Supp. 1240, 1247 (N.D. Ill. 1991); Fed. R. Civ. P. 12(f)).  Plaintiff does not argue, and

18   the Court is not prepared to conclude based solely on the pleadings and arguments before

19   it, that these denials are "redundant, immaterial, impertinent, or scandalous," Fed. R. Civ.

20   P. 12(f), and accordingly striking them would appear inappropriate.

21         Further, the Court is not persuaded by Plaintiff's conclusory assertion that

22   Defendant's mislabeled affirmative defenses would cause prejudice.  *See Martinez v.*

23   *Alltran Fin. LP*, No. CV-18-04815-PHX-DLR, 2019 WL 1777300, at *3 (D. Ariz. Apr. 23,

24   2019) (finding argument that plaintiff would be prejudiced by discovery regarding

25   misclassified defenses "meritless because Plaintiff already bears the burden of proving

26   matters such as standing, causation, and injury.  Striking Defendant's improper affirmative

27   defenses would not change Plaintiff's burden of proof and, therefore, would not change the

28   evidence Plaintiff must be prepared to present."); *see also Harris v. Chipotle Mexican*

1   *Grill, Inc.*, 303 F.R.D. 625, 629 (E.D. Cal. 2014) (denying the plaintiff's motion to strike

2   mislabeled affirmative defenses because the court "cannot conceive how these defenses

3   will 'cost both the parties and the [c]ourt unnecessary time and resources.'") (citation

4   omitted).  Therefore, the Court **DENIES** Plaintiff's Motion as to Defendant's mislabeled

5   first, fifth, sixth, and sixteenth affirmative defenses.

6        **B.**     ***Ninth Affirmative Defense***

7        Plaintiff contends that Defendant's ninth affirmative defense for costs and attorney's

8   fees is not a defense but is rather a request for affirmative relief that therefore should be

9   stricken.  *See* MTS at 12.  The Court agrees that attorney's fees is not a valid affirmative

10  defense.  *See Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp.

11  2d 1167, 1174 (N.D. Cal. 2010) (striking an affirmative defense of attorney's fees because

12  "[t]he award of attorney's fees does not act to preclude a defendant's liability even if a

13  plaintiff proves all of the required elements of the cause of action.").  Further, the Court

14  finds that this "defense" is duplicative, as Defendant clearly requests its attorney's fees and

15  costs in its Prayer.  *See* Answer at Prayer (noting that "Defendant requests the following

16  relief: . . . Defendant be awarded its attorney's fees and costs of suit . . .").  Accordingly,

17  the Court **GRANTS** Plaintiff's Motion and **STRIKES** Defendant's ninth affirmative

18  defense.  Further, because amendment will not cure this defense's duplicativeness, the

19  defense is stricken **WITHOUT LEAVE TO AMEND**.

20       **C.**     ***Seventeenth Affirmative Defense***

21       Plaintiff contends Defendant's seventeenth affirmative defense, which reserves

22  Defendant's right to assert additional affirmative defenses, is not an affirmative defense

23  and is redundant pursuant to Federal Rule of Civil Procedure 15, which addresses the right

24  to and standard governing amended pleadings, and therefore the defense should be stricken.

25  *See* MTS at 17–18.  The Court agrees with Plaintiff.  *See Hartford Underwriters Ins. Co.*

26  *v. Kraus USA, Inc.*, 313 F.R.D. 572, 578 (N.D. Cal. 2016) (holding that a reservation is not

27  an affirmative defense and is duplicative of Federal Rule of Civil Procedure 15) (citation

28  omitted); *G & G Closed Cir. Events, LLC v. Nguyen*, No. 10-CV-00168-LHK, 2010 WL

3749284, at *5 (N.D. Cal. Sept. 23, 2010) ("[T]o the extent that the reservation defense attempts to preserve rights already preserved by the Federal Rules, it is duplicative.") (citation omitted).  Because Defendant's seventeenth affirmative defense is duplicative, the Court **GRANTS** Plaintiff's Motion as to this "defense."  Further, because amendment will not cure this defense's duplicativeness, the defense is stricken **WITHOUT LEAVE TO AMEND**.

## II.      Second, Third, Seventh & Eleventh Affirmative Defenses (Equitable Defenses)

Plaintiff contends that "Defendant's second, third, seventh, and eleventh affirmative defenses are boilerplate recitations of the doctrines of unclean hands, waiver, estoppel, and laches, respectively," and that "[t]hese general references to legal doctrines do not provide fair notice."  MTS at 7 (citations omitted).  The Court agrees with Plaintiff that, as presently pleaded, Defendant has failed to provide fair notice of the grounds on which these defenses rest and must at least provide notice of how each of the doctrines apply to this case.  *See CTF Dev., Inc. v. Penta Hosp., LLC*, No. C 09-02429 WHA, 2009 WL 3517617, at *7 (N.D. Cal. Oct. 26, 2009) ("[B]are statements reciting mere legal conclusions do not provide a plaintiff with fair notice of the defense asserted, as required under *Wyshak*.") (citations omitted); *G & G Closed Cir. Events, LLC v. Nguyen*, No. 5:12-CV-03068 EJD, 2013 WL 2558151, at *4 (N.D. Cal. June 10, 2013) [hereinafter "*Nguyen II*"] (striking defenses for unclean hands, justification, waiver, and estoppel that "offer little more than legal definitions") (citations omitted).  However, the deficiencies in these defenses conceivably could be cured by amendment, and the Court does not find that Plaintiff will suffer any prejudice if Defendant is granted leave to amend.  *See Roe*, 289 F.R.D. at 608.  Therefore, the Court **STRIKES** Defendant's second, third, seventh, and eleventh affirmative defenses **WITH LEAVE TO AMEND**.

/ / /

/ / /

/ / /

/ / /

8

**III.   Remaining Affirmative Defenses**

      *A.      Fourth Affirmative Defense*

      Defendant's fourth affirmative defense alleges that Plaintiff's claims are barred by "Plaintiff's failure to mitigate, eliminate, or reasonably attempt to mitigate damages." Answer at 5.  Plaintiff contends that this defense fails to provide fair notice and "has no legal significance in the case." MTS at 15.  Defendant requests that the Court not strike the defense because "[c]ourts routinely permit parties to plead a failure to mitigate defense without specific factual allegations prior to the conclusion of discovery." Opp'n at 11 (citations omitted).  The Court agrees with Plaintiff and finds that the failure to mitigate defense is unrelated to the underlying cause of action, as the alleged damage has already occurred. *See Nguyen II*, 2013 WL 2558151, at *3 (striking a failure to mitigate defense as unrelated to the underlying cause of action for the unlawful broadcast and interception of the plaintiff's program).  Moreover, even if the Court provided Defendant with leave to amend, the Court finds that this defense still could have "no possible bearing on the subject matter of the litigation," *San Diego Unified Port Dist.*, 309 F. Supp. 3d at 854, and accordingly "Plaintiff would be compelled to expend additional time and resources litigating irrelevant issues if the defense was to remain," *Nguyen II*, 2013 WL 2558151, at *3 (citing *Barnes*, 718 F. Supp. 2d at 1173).  Therefore, the Court **STRIKES WITH PREJUDICE** Defendant's fourth affirmative defense.

      *B.      Fourteenth Affirmative Defense*

      Defendant's fourteenth affirmative defense alleges that "Plaintiff does not have standing to seek relief for each and every cause of action as set forth in the Complaint." Answer at 7.  Plaintiff contends that Defendant's affirmative defense fails as a matter of law because "Defendant's conduct is not only fairly traceable to the injury" but is "specifically traceable to the injury." MTS at 20.  Defendant asks the Court not to strike its lack of standing affirmative defense because "'the Court cannot conclude at this early stage in proceedings that these defenses will have no possible bearing on the subject matter

/ / /

1   of the litigation.'"  Opp'n at 12 (quoting *San Diego Unified Port Dist.*, 309 F. Supp. 3d at

2   854).

3          Defendant's bare pleading of a conclusory statement that Plaintiff lacks standing,

4   without more, does not meet the fair notice standard.  Although the parties are in the early

5   stages of the proceedings, Defendant must provide at least notice of the grounds upon

6   which the defense rests.  *See Kohler*, 291 F.R.D. at 469 (striking defendant's affirmative

7   defense for lack of standing because, "[a]lthough [defendant's] pleading need not be

8   supported by detailed factual allegations, it must at least give notice of the 'grounds upon

9   which it rests.'") (citation omitted); *but see Cota*, 2020 WL 6083423, at *9 (finding that

10  the defendant adequately pleaded its lack of standing defense under the fair notice standard

11  where it specified that plaintiff "may not have standing due to lack of damages, injury, or

12  harm") (citations omitted).

13        While the Court finds this defense inadequately pleaded at present, the Court agrees

14  with Defendant that granting leave to amend at this early stage in the litigation would not

15  prejudice Plaintiff.  *See Roe v. City of San Diego*, 289 F.R.D. 604, 608 (S.D. Cal. 2013)

16  ("Unless it would prejudice the opposing party, courts freely grant leave to amend stricken

17  pleadings.") (citations omitted).  Therefore, the Court **STRIKES** Defendant's fourteenth

18  affirmative defense **WITH LEAVE TO AMEND.**

19        *C.*     *Eighth Affirmative Defense*

20        Plaintiff contends that Defendant's eighth affirmative defense, asserting "that all

21  causes of action are barred by the appropriate statutes of limitations," Answer at 5–6, fails

22  as a matter of law in light of the filing date and the applicable statutes of limitations, *see*

23  MTS at 11–12.  The Court agrees.  The statutes of limitations for the asserted claims are

24  one year for claims under 47 U.S.C. sections 605 and 553; three years for claims of

25  conversion; and four years for claims under California Business and Professions Code

26  section 17200.  *See* MTS at 11–12 (citing *Directv, Inc. v. Webb*, 545 F.3d 837, 847–48 (9th

27  Cir. 2008); *J&J Sports Prods., Inc. v. Pacis*, 2008 WL 5245281, at *2 (N.D. Cal. Dec. 15,

28  2008); Cal. Code Civ. Proc. § 338(c); Cal. Bus. & Prof. Code § 17208).  Plaintiff filed its

Complaint on October 31, 2020, *see* ECF No. 1, less than one year after the alleged violations occurred on November 2, 2019, *see* Compl. ¶ 2. Defendant's statute of limitations affirmative defense thus fails as a matter of law. Therefore, the Court **STRIKES WITH PREJDICE** Defendant's eighth affirmative defense. *See J & J Sports Prods. v. Coyne*, No. C 10-04206 CRB, 2011 WL 227670, at \*2 (N.D. Cal. Jan. 24, 2011) (striking with prejudice affirmative defense asserting the statute of limitations where "this action is not time barred") (citations omitted).

### D.      Tenth Affirmative Defense

Defendant's tenth affirmative defense alleges that, "in the event that this Court finds that amounts are owed by Defendant to Complainant, such amounts are subject to setoff and/or offset by amounts owed to Defendant by Complainant in an amount according to proof at trial." Answer at 6. Plaintiff contends that "Plaintiff is unaware of any debt it owes Defendant and, in that regard, it is Plaintiff's position that this defense has no legal application to this case"; further, to the extent Defendant contends otherwise, "[c]ertainly Defendant is aware of any potential money owed to it by Plaintiff such that it could assert the defense with requisite specificity." MTS at 13. The Court finds that, as presently pleaded, this defense fails to provide fair notice to Plaintiff; however, this deficiency conceivably could be cured through amendment, and it does not appear Plaintiff would be prejudiced by leave to amend. Accordingly, the Court **STRIKES** Defendant's tenth affirmative defense **WITH LEAVE TO AMEND**. *See, e.g.*, *Gilmore v. Liberty Life Assurance Co. of Bos.*, No. C 13-0178 PJH, 2013 WL 12147724, at \*1 (N.D. Cal. Apr. 19, 2013) (granting with leave to amend motion to strike affirmative defense for set-off "so that defendant may identify the source of the alleged set-off").

### E.      Twelfth Affirmative Defense

Defendant's twelfth affirmative defense alleges "that in the event of an award of non-economic damages, the damages are not joint but are several only." Answer at 7. Plaintiff contends that, "[w]hile there are other reasons why this defense ultimately would fail, as there is only one Defendant in this case, the defense is immaterial and impertinent."

1    MTS at 13 (citing Fed. R. Civ. P. 12(f)).  As there is at present only one defendant, the

2    Court agrees with Plaintiff that this defense clearly has no possible relevance in the present

3    litigation.    Therefore, the Court **STRIKES** Defendant's twelfth affirmative defense.

4    Consistent with the provisions of Federal Rule of Civil Procedure 15, Defendant may move

5    to amend its Answer to assert this defense should later developments in this litigation

6    render it relevant.

7                *F.*      ***Thirteenth Affirmative Defense***

8            Defendant's thirteenth affirmative defense alleges that "[t]he Court is without

9    jurisdiction over certain claims in the Complaint."  Answer at 7.  That is the entirety of the

10   affirmative defense; Defendant provides no explanation of the basis for the Court's

11   purported lack of jurisdiction.   However, lack of jurisdiction only requires that the

12   defendant invoke the defense, as the burden is on the plaintiff to show jurisdiction is proper.

13   *See Hartford Underwriters Ins. Co. v. Kraus USA, Inc.*, 313 F.R.D. 572, 576 (N.D. Cal.

14   2016) ("[T]he only allegation material to a Rule 12(h)(1) defense is that the defense exists,

15   so simply invoking the defense as set forth in Rule 12(b) gives a Plaintiff all the notice she

16   needs . . . because it is the plaintiff, not the defendant, who bears the burden of showing

17   that jurisdiction . . . [is] proper.") (citing *Ear v. Empire Collection Authorities, Inc.*, No.

18   12-1695-SC, 2012 WL 3249514, at *1 (N.D. Cal. Aug. 7, 2012)).

19           Plaintiff contends the defense fails as a matter of law because "this Court has subject

20   matter jurisdiction over the federal counts pursuant to 28 U.S.C. § 1331," and accordingly

21   "this Court may exercise supplemental jurisdiction over the state law claims" under 28

22   U.S.C. § 1367. MTS at 14.  That may be so; however, "[t]he objection that a federal court

23   lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own

24   initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh*

25   *v. Y&H Corp.*, 546 U.S. 500, 506 (2006) (citing Fed. R. Civ. P. 12(b)(1)).  On the one hand,

26   that may render the defense "redundant" such that it is properly subject to a motion to

27   strike; however, "[a]s a practical matter, striking this affirmative defense only to later

28   permit [any party] to raise it wastes judicial resources.   Further, [Plaintiff] has not

1  demonstrated that it will suffer any prejudice" if this defense is permitted to remain. *Does*

2  *1-10 v. Univ. of Wash.*, No. C16-1212JLR, 2018 WL 3475377, at *2 (W.D. Wash. July 19,

3  2018) (citing *Hernandez v. Balakian*, No. CVF06-1383OWW/DLB, 2007 WL 1649911, at

4  *1 (E.D. Cal. June 1, 2007)).   Therefore, the Court **DENIES** Plaintiff's Motion as to

5  Defendant's thirteenth affirmative defense.

6      ### G.      *Fifteenth Affirmative Defense*

7      Defendant's fifteenth affirmative defense "alleges that this answering Defendant

8  joins with and alleges herein in their entirety by reference as if fully set forth herein all of

9  the Co-Defendants' affirmative defenses."  Answer at 7.  Plaintiff contends this defense is

10  "immaterial and impertinent" because "there are no other defendants" in this case.  MTS

11  at 16 (citing Fed. R. Civ. P. 12(f)).  Similar to Defendant's twelfth affirmative defense, this

12  defense clearly has no possible relevance to the litigation at present, as there is only one

13  defendant in this case.  *See supra* Section III.E.   Therefore, the Court **STRIKES**

14  Defendant's fifteenth affirmative defense.  Consistent with the provisions of Federal Rule

15  of Civil Procedure 15, Defendant may move to amend its Answer to assert this defense

16  should later developments in this litigation render it relevant.

17                          **CONCLUSION**

18      For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART**

19  Plaintiff's Motion to Strike (ECF No. 6).  Specifically, the Court **DENIES** Plaintiff's

20  motion to strike Defendant's first, fifth, sixth, thirteenth, and sixteenth affirmative

21  defenses.   The Court **GRANTS** Plaintiff's motion to strike the remaining affirmative

22  defenses.  Defendant is granted **LEAVE TO AMEND** its second, third, seventh, tenth,

23  eleventh, and fourteenth affirmative defenses.  Defendant's fourth, eighth, ninth, and

24  seventeenth affirmative defenses are **STRICKEN WITH PREJUDICE**.  Defendant may

25  move pursuant to Federal Rule of Civil Procedure 15 to amend its answer to assert its

26  twelfth and fifteenth affirmative defenses if later developments render those defenses

27  / / /

28  / / /

1    relevant to this litigation.  Any amended answer must be filed <u>within thirty (30) days</u> of the

2    date on which this Order is electronically docketed.

3         **IT IS SO ORDERED.**

4    Dated:  April 6, 2021

5                                                     Hon. Janis L. Sammartino
                                                      United States District Judge
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

20-CV-2137-JLS (NLS)