UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G&G CLOSED CIRCUIT EVENTS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA CENTER FOR THE ARTS, ESCONDIDO, FOUNDATION, dba California Center for the Arts, Escondido,<br><br>Defendants. | Case No.: 20cv2137-JLS (NLS)<br><br>**ORDER ON MOTION FOR DETERMINATION OF DISCOVERY DISPUTE NO. 1**<br><br>[ECF No. 16] |

Before the Court is Defendant's Motion for Determination of Discovery Dispute No. 1, wherein Defendant seeks to compel Plaintiff to respond to certain interrogatories served on March 30, 2021. ECF No. 16. After due consideration and for the reasons set forth below, the Court **GRANTS** Defendant's motion to compel further responses to the interrogatories.

**I.     BACKGROUND**

In the complaint, Plaintiff alleges that it has exclusive nationwide commercial distribution rights to the *Saul "Canelo" Alvarez v. Sergey Kovalev Championship Fight Program* (the "Program"), which was telecast nationwide on Saturday, November 2,

2019. ECF No. 1 at ¶ 16. Plaintiff alleges that, without its permission, Defendant and/or employees of Defendant acting at its direction illegally intercepted, received, and published the Program at California Center of the Arts, Escondido ("CCAE"), on November 2, 2019. *Id.* at ¶¶ 10-12.

Defendant contends that neither it or its employees intercepted or published the signal on that night. ECF No. 16 at 8. Rather, it maintains that on November 2, 2019, there was a Dia De Los Muertos festival that was free and open to the public in the Grape Day Park in Escondido, which is the park in which CCAE is located. *Id.* Defendant contends that one of the vendors there, DJ SugabearSD, put on a lowrider exhibition in the parking lot and aired the Program, using his own equipment. *Id.* Defendant argues that DJ SugabearSD is not its employee, and it was DJ SugabearSD that advertised the showing of its Program, not Defendant. *Id.* Plaintiff disputes the relationship between Defendant and DJ SugabearSD, even if it were to believe Defendant's version of events on that evening. *Id* at 8-9.

At issue in this motion are ten interrogatories that Defendant served on Plaintiff on March 30, 2021. ECF No. 16-1. Defendant seeks to compel Plaintiff to further respond to the interrogatories in question.

**II.   DISCUSSION**

The interrogatories that are at issue in this motion are recited below:

**Request No. 1**: Describe all efforts every CCAEF employee took to intercept and/or receive the signal for the PROGRAM as alleged in paragraph 21 of the Complaint.

**Request No. 2**: Describe in detail how the CCAEF intercepted and/or received the signal for the PROGRAM as alleged in paragraph 21 of the Complaint.

**Request No. 3**: Describe in detail all the equipment that the CCAEF used to intercept and/or receive the signal for the PROGRAM as alleged in paragraph 21 of the Complaint.

**Request No. 4**: Identify every CCAEF employee that participated in intercepting and/or receiving the signal for the PROGRAM to be aired at the

CCAE.

**Request No. 6**: Identify every PERSON or PERSONS that published the Program at the CCAE as alleged in paragraph 22 of the Complaint.

**Request No. 7**: Identify every PERSON or PERSONS that attended the publishing of the PROGRAM at the CCAE as alleged in paragraph 22 of the Complaint.

**Request No. 8**: Identify every CCAEF employee that participated in publishing the PROGRAM at the CCAE as alleged in paragraph 22 of the Complaint.

**Request No. 9**: Identify all CCAEF employees that attended the publishing of the PROGRAM at the CCAE as alleged in paragraph 22 of the Complaint.

**Request No. 10**: Describe in detail all the equipment that CCAEF employees used to publish the PROGRAM at the CCAE as alleged in paragraph 22 of the Complaint.

**Request No. 11**: Describe all efforts every CCAEF employee took to publish the PROGRAM at the CCAE as alleged in paragraph 22 of the Complaint.

In response to each of these interrogatories, Plaintiff lodges objections that its investigation is ongoing and discovery is not yet completed and that the information is equally available to the propounding party (Defendant).  Substantively, Plaintiff responds by referring Defendant to an affidavit authored by an investigator that Plaintiff hired, Rudy Gubach.  ECF No. 16-4 at 13-16.  Plaintiff also refers Defendant to the initial disclosures in this action, which include an Instagram post by CCAE and article from CCAE's website regarding the Dia De Los Muertos festival, and two Instragram posts by SugabearSD regarding the fight.  ECF Nos. 16-6, 16-7, 16-8, and 16-9.

First, the parties dispute whether these interrogatories target relevant information. ECF No. 16 at 6-10.  Given the allegations in the complaint and Defendant's theory of the case, these interrogatories do target relevant information regarding the circumstances surrounding the showing of the Program that evening.  Defendant is entitled to ask

Plaintiff regarding its theory of the case.

Second, the parties dispute whether the interrogatories can be sufficiently answered by reference to the investigator's affidavit and initial disclosure documents. Interrogatories must be answered "separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). Rule 33(d) does provide an option to provide documents in lieu of answering "[i]f the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party." Neither party relies on this section to justify reference to the documents and the reference here does not appear to fit in this section, which refers to voluminous business records and the like.

Defendant argues that Plaintiff cannot simply direct it to glean information from the investigator's report and initial disclosures. The Court agrees. Defendant is entitled to hear Plaintiff's theory of its case through interrogatory responses. Answers to interrogatories must be fully in writing under oath and must be signed by the party responding. Fed. R. Civ. P. 33(b)(3), (5). Reference to documents containing some potentially responsive information is not a sufficient substitute in this situation.

Another one of Plaintiff's contentions appears to be that the interrogatories seek information that is within CCAE's exclusive control because they seek information about CCAE's employees and acts. Under Federal Rule of Civil Procedure 33, a party answering interrogatories must furnish all information "available to th[at] party." Fed. R. Civ. P. 33(b)(1)(B); *Bryant v. Armstrong*, 285 F.R.D. 596, 612 (S.D. Cal. 2012). "If a responding party is unable to provide the requested information, he may not simply refuse to answer." *Id.* However, the party may "state under oath that he is unable to provide the information and must describe the efforts he used to obtain the information." *Id.* Thus, Plaintiff cannot use this objection to avoid answering the interrogatories but must answer in accordance with the Rules.

Finally, Plaintiff objects that it should not have to answer these interrogatories

because its investigation and discovery are ongoing.  This position has some merit since many of the interrogatories may qualify as contention interrogatories, which "ask the receiving party to state the factual bases for its allegations." *Folz v. Union Pac. R.R. Co.*, No. 13-CV-00579-GPC-PCL, 2014 WL 357929, at *1 (S.D. Cal. Jan. 31, 2014). For these types of interrogatories, the Federal Rules and some courts may delay ordering responses until substantial completion of fact discovery. *Id.*; Fed. R. Civ. P. 33(a)(2).  In this situation, however, Plaintiff also already conducted its initial investigation by hiring an investigator on the day of the event and collecting other evidence.  Even though discovery remains open for two more months, Plaintiff has developed some theory for its case and Defendant is entitled to request that information.  Thus, in this circumstance, the Court finds it appropriate for Defendant to answer the interrogatories to the best of its ability and to provide another supplemental answer to the interrogatories as needed once discovery is substantially complete. *See Core Optical Techs. v. Infinera Corp.*, No. SACV170548AGJPRX, 2018 WL 2684693, at *2 (C.D. Cal. Mar. 7, 2018).

Accordingly, Plaintiff's objections to the above interrogatories are overruled and the motion to compel is **GRANTED**.

### III.  CONCLUSION

After due consideration and for the reasons stated above, Defendant's motion to compel responses to the interrogatories discussed above is **GRANTED**.  Plaintiff must provide responses in accordance with the Federal Rules and the above discussion **within 21 days** of this order.

**IT IS SO ORDERED.**

Dated:  June 10, 2021

_____
Hon. Nita L. Stormes
United States Magistrate Judge