UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G&G CLOSED CIRCUIT EVENTS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA CENTER FOR THE ARTS, ESCONDIDO, FOUNDATION, dba California Center for the Arts, Escondido,<br><br>Defendants. | Case No.: 20cv2137-JLS (NLS)<br><br>**ORDER ON MOTION FOR DETERMINATION OF DISCOVERY DISPUTE NO. 2**<br><br>**[ECF No. 24]** |

Before the Court is Defendant's Motion for Determination of Discovery Dispute No. 2, wherein Defendant seeks to compel Plaintiff to respond to a single Request for Production ("RFP").[1]  ECF No. 24.  After due consideration and for the reasons set forth below, the Court **GRANTS** Defendant's motion to compel.

//

---

[1] While the motion was submitted as a joint motion, it was missing the signature of Plaintiff's counsel. The Court construed the motion as *ex parte*, and permitted Plaintiff to file an opposition and Defendant to file a reply.  ECF No. 25.  Plaintiff filed an opposition that largely mirrored his section in the joint motion, and Defendant filed a notice that he would not be filing a reply.  ECF Nos. 27, 28.

1

## I. BACKGROUND

In the complaint, Plaintiff alleges that it has exclusive nationwide commercial distribution rights to the *Saul "Canelo" Alvarez v. Sergey Kovalev Championship Fight Program* (the "Program"), which was telecast nationwide on Saturday, November 2, 2019. ECF No. 1 at ¶ 16. Plaintiff alleges that, without its permission, Defendant and/or employees of Defendant acting at its direction illegally intercepted, received, and published the Program at California Center of the Arts, Escondido ("CCAE"), on November 2, 2019. *Id.* at ¶¶ 10-12.

Defendant contends that neither it or its employees intercepted or published the signal on that night. ECF No. 24 at 9. Rather, it maintains that on November 2, 2019, there was a Dia De Los Muertos festival that was free and open to the public in the Grape Day Park in Escondido, which is the park in which CCAE is located. *Id.* Defendant contends that one of the vendors there, DJ SugabearSD, put on a lowrider exhibition in the parking lot and aired the Program, using his own equipment. *Id.* Defendant argues that DJ SugabearSD is not its employee, and it was DJ SugabearSD that advertised the showing of its Program, not Defendant. *Id.* Plaintiff disputes the relationship between Defendant and DJ SugabearSD, even if it were to believe Defendant's version of events on that evening. *Id.* at 10.

In support of its allegations, Plaintiff used a licensed private investigator to investigate the showing of the fight on Defendant's property. Defendant seeks to compel Plaintiff to respond to an RFP regarding Plaintiff's communications with its investigator.

## II. DISCUSSION

The single request for production at issue in this motion is as follows:

> Produce any and all DOCUMENTS RELATING TO Communications, including e-mails, by and between YOU and any person at Gain PI, including, but not limited to, Rudy M. Gubach from November 2, 2016 to present.

ECF No. 24 at 5. Plaintiff did not produce any documents in response to the RFP and objected as follows:

G&G CLOSED CIRCUIT EVENTS, LLC objects to each and every, all and singular, of the items listed as No. 11 as follows: Attorney-Client privilege; work product privilege; the privileges accorded under the United States Constitution and the Constitutions of one or more of the fifty states, the privileges accorded under the rights of privacy of third parties, including but not limited to, G&G CLOSED CIRCUIT EVENTS, LLC, the privileges accorded other third parties, including but not limited to, those persons and parties who are listed and described in the documents herein; that the books, letters, papers and files, and each of the same, constitute proprietary information, constitute a trade secret, constitute information which G&G CLOSED CIRCUIT EVENTS, LLC has a reasonable expectation of privacy and is subject to a right of privacy; constitute secrets, formulas, trade secrets, and business information. G&G CLOSED CIRCUIT EVENTS, LLC furthermore objects on the basis that the document request is overly broad, and moreover, seeks documents which are extremely voluminous. G&G CLOSED CIRCUIT EVENTS, LLC also objects that some or all of these books, letters, papers, and files, are available to the propounding party through other and alternative sources, including but not limited to, third parties herein. G&G CLOSED CIRCUIT EVENTS, LLC also objects on the basis of the rights of privacy of third parties in that the person and parties herein would have a reasonable expectation of privacy thereunder.

The parties raise several points of argument in this motion. The Court will address each in turn below.

### a. Scope of Request

At the outset, the parties dispute what materials are provided to investigators, such as Mr. Gubach. Defendant states that it believes Plaintiff uses investigators to identify persons that allegedly pirate its pay-per-view signals and pay the investigator based on a "rate card" where the investigator is paid on an incentive basis. *Id.* at 6. Defendant believes that Plaintiff provides its investigators with an affidavit kit, an instruction sheet, a rate card, and pirate lead list. *Id.* Plaintiff disputes Defendant's characterization of the materials that it provides its investigators. ECF No. 24 at 14. For example, Plaintiff states that a pirate lead list is not always provided. This disagreement between the parties has no bearing at this stage of discovery. The parties appear to be disputing what documents exist, but it is premature since no documents at all have been produced. The

request as written seeks "communications" between G&G and Mr. Gubach—if a document constitutes such a communication, it is responsive to this request.

Next, the parties dispute relevance of the information sought. Defendant argues that the information it seeks is relevant to showing if the investigator is biased and goes to his credibility. *Id.* at 7. For example, Defendant argues that the pay structure and the amounts paid to Mr. Gubach could go to incentive to fabricate a case. *Id.* at 11. Conversely, Plaintiff argues that Defendant itself relies on Mr. Gubach's statement to argue that it is not responsible for any alleged broadcast of Plaintiff's program, so it does not make sense that Defendant would want to attack Mr. Gubach's credibility. ECF No. 24 at 8. Thus, Plaintiff argues that this request is akin to a "hail mary" at attempting to find information. *Id.* at 15. The Court finds that this request does target relevant information. Whether the information revealed will be more helpful to one party or the other does not detract from its relevance. The claim brought by Plaintiff here was based on the investigation of Mr. Gubach. As such, communications between Plaintiff and Mr. Gubach may be relevant to establish the contours of the relationship and potentially show any bias or, as equally possible, lack of bias.

During the meet and confer process, Defendant agreed to limit the discovery to exclude the legal list of customers provided to investigators and to limit the time frame to one year leading up to the alleged showing on November 2, 2019. ECF No. 24 at 6. Even with these limitations, the Court finds the request to still be too broad. The request seeks communications with "any person at Gain PI, including, but not limited to, Rudy M. Gubach." The Court fails to see how communications directed at anyone except for Mr. Gubach, the actual private investigator who worked on this case, is relevant and proportional to the needs of the case. Thus, the Court will limit production further to be communications directed at Mr. Gubach or communications on which he is included (for example, those that might include other investigators). The other concessions made by Defendant also apply—the time limit will be one year leading up to November 2, 2019 and the legal list of customers does not have to be provided.

### b. Applicable Privileges

Plaintiff's objections raise several issues of privilege. First, the parties dispute whether the work product privilege protects documents sought by this request. The work product doctrine protects certain documents from discovery. To qualify for work product protection, documents must (1) "be 'prepared in anticipation of litigation or for trial'" and (2) "be prepared 'by or for another party or by or for that other party's representative.'" *In re Grand Jury Subpoena,* 357 F.3d 900, 907 (9th Cir. 2004). "Because the work product doctrine is intended only to guard against the divulging of attorney's strategies and legal impressions, it does not protect facts concerning the creation of work product or facts contained within the work product." *Garcia v. City of El Centro*, 214 F.R.D. 587, 591 (S.D. Cal. 2003) (citation omitted). Thus, the Court finds that this privilege is not a wholesale bar to production of documents responsive to this request, but it may apply to protect certain documents from being divulged. However, this objection is again premature at this time because no documents or a privilege log have been produced. Accordingly, this privilege may be raised where appropriate, once documents are produced and a privilege log is provided.

Second, while Plaintiff raises attorney-client privilege in its objections to this RFP, Plaintiff admits that it was a boilerplate objection and is not implicated by this request. ECF No. 24 at 15. However, "[c]ommunications pertaining to legal advice between a lawyer and a private investigator retained by that lawyer to assist in the lawyer's representation of a potential client or client are covered by the attorney-client privilege." *Nat.-Immunogenics Corp. v. Newport Trial Grp.*, No. 815CV02034JVSJCGX, 2017 WL 10562991, at *4 (C.D. Cal. Sept. 18, 2017) (citing *United States v. Christensen*, 828 F.3d 763, 802-03 (9th Cir. 2016)). Defendant argues that its request seeks documents not implicated by this privilege—because it seeks documents "relating to Mr. Gubach's compensation and instructions on how to get paid by way of providing an affidavit." ECF No. 24 at 13. Defendant's request as written is however broader than this. Thus, similar to the work product privilege, the Court finds that this privilege is not a wholesale

1  bar to production of responsive documents, but Plaintiff may raise this privilege where
2  appropriate and must include any such objections in its privilege log.

3        Finally, Plaintiff raises an issue of privacy.  Courts do recognize a general right to
4  privacy that can be raised in response to discovery requests.  *Shaw v. Experian Info. Sols.,*
5  *Inc.*, 306 F.R.D. 293, 301 (S.D. Cal. 2015).  However, this privacy right is not an
6  absolute bar to discovery, and "the resolution of a privacy objection requires a balancing
7  of the need for the particular information against the claimed privacy right."  *Id.*  Courts
8  routinely find that "a protective order would strike the appropriate balance between the
9  need for the information and the privacy interests of third parties."  *Bond v. Arrowhead*
10 *Reg'l Med. Ctr.*, No. EDCV112049DDPPLA, 2013 WL 12330716, at *3 (C.D. Cal. Aug.
11 12, 2013); *see also Mohideen v. Calnet, Inc.*, No. 13CV799 MMA NLS, 2014 WL
12 1028638, at *3 (S.D. Cal. Mar. 14, 2014) ("[T]here is a minimal encroachment of the
13 privacy right because any sensitive information can be labeled 'Confidential.'").  There is
14 currently no protective order in place for this case.  Accordingly, the Court will order the
15 parties to meet and confer on a protective order and file a joint motion for the Court to
16 enter a protective order, if they agree that it is needed in order to respond to this
17 discovery.

18       In summary, Defendant's motion to compel is **GRANTED**, subject to the scope
19 limitations as discussed above.

20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

### III. CONCLUSION

After due consideration and for the reasons stated above, Defendant's motion to compel documents to the RFP discussed above is **GRANTED**, subject to the scope limitations discussed in this order. The parties are to meet and confer regarding a protective order, and file a joint motion for entry of a protective order by **October 22, 2021**. Plaintiff must produce responsive documents, accompanied with a privilege log if Plaintiff deems any responsive documents to be privileged, by **November 5, 2021**.

**IT IS SO ORDERED.**

Dated: October 7, 2021

Hon. Nita L. Stormes
United States Magistrate Judge