UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G&G CLOSED CIRCUIT EVENTS, LLC,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>CALIFORNIA CENTER FOR THE ARTS, ESCONDIDO, FOUNDATION, dba California Center for the Arts, Escondido,<br><br>　　　　　　　　　　　Defendants. | Case No.: 20cv2137-JLS (NLS)<br><br>**ORDER GRANTING JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER**<br><br>[ECF No. 31] |

　　　The Court having read the parties' Joint Motion for Protective Order (ECF No. 31), finding no objection and good cause appearing,

　　　**IT IS HEREBY ORDERED** that this motion is **GRANTED**. The following Protective Order is entered:

### **PROTECTIVE ORDER**

　　　1.　　Parties may designate as "Confidential" such documents and information produced by them that they respectively believe in good faith constitute, contain or reflect confidential information, and shall so mark such documents. (Such materials are hereinafter referred to as "Confidential Materials.")

2.  Designation of material as Confidential Materials shall be accomplished by placing on the first page of each document to be so designated a "Confidential" stamp or notice, "Confidential – page _____ of _____" in such a manner as will not interfere with the legibility thereof.

3.  Access to Confidential Materials and the information they contain or reflect shall be strictly limited to:

(a)  attorneys actively working on this case;

(b)  persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, or at other proceedings in this case;

(c)  designated expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(d)  the Court and its employees;

(e)  stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action; and

(f)  law school students who are actively working on this case as a part of a clinic or internship program and who are actively supervised by attorneys working on this case.

4.  The parties, their agents, employees, attorneys and anyone acting in concert agree not to engage in or perform any of the following with respect to Confidential Materials:

(a)  Convey, transfer, copy, publish or distribute the records and/or information containing Confidential Materials that are produced or ordered disclosed nor authorize another to convey, transfer, copy, publish or distribute the records and/or information disclosed to anyone without court approval except as specified in this Protective Order.

(b)  Use the records and/or information disclosed, discovered or developed

for any purpose other than in conjunction with the instant civil proceedings pursuant to applicable law.

5.  Counsel and the parties are required to advise, instruct and supervise all associates, staff, students and employees of counsel to keep designated Confidential Material confidential in the strictest possible fashion.  Counsel and the parties also agree to such treatment of the information by themselves, and counsel will appropriately instruct their clients as to the protected nature of the information produced pursuant to this order and the limitations on its use and disclosure.

6.  Upon termination of this action, all documents, information, and material designated or treated as Confidential Materials pursuant to this Order shall, upon request of the party that disclosed the Confidential Materials, (not later than 30 days following termination of the action), be delivered to counsel for the Defendants/Plaintiffs as the case may be, or disposed of.  Upon conclusion of this case, the Court shall retain jurisdiction to resolve any disputes arising out of the release of any documents protected by this order.

7.  Nothing herein shall preclude the party which produced the Confidential Material from using the Confidential Materials he/she/it produced for his/her/its own legitimate purposes separate and apart from this litigation.

8.  Nothing herein shall preclude any party to this action from moving to vacate or modify this Protective Order or any provision thereof, provided such party shall have complied with the Federal Rule of Civil Procedure 26 duty to confer in good faith with the other party in an attempt to resolve the matter without court intervention.

9.  The Court may modify the terms and conditions of this protective order at any time during the proceedings for good cause, in the interests of justice or on its own order.

10. Without a separate court order, this Protective Order and the parties' stipulation does not change, amend, or circumvent any court rule or local rule.

11. **<u>Filing Under Seal</u>**.  Nothing shall be filed under seal, and the Court

shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the affected party with appropriate notice to opposing counsel.  The parties shall follow and abide by applicable law, including Civ. L.R. 79.2, ECF Administrative Policies and Procedures, Section II.j, and the chambers' rules, with respect to filing documents under seal.

12. **Modifications**.  The Court may modify the protective order in the interests of justice or for public policy reasons.

**IT IS SO ORDERED.**

Dated:  October 27, 2021

Hon. Nita L. Stormes
United States Magistrate Judge